[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: Defendant's Motion For Modification of Custody Dated 9/8/00 (#155) Plaintiffs Amended Motion For Contempt Citation Dated 10/5/00 (#156)
The court (Cohen, STR) dissolved the marriage of the parties on July 7, 1995. The Agreement of the parties of the same date was incorporated by reference into the judgment and made orders of the court. The plaintiff was awarded custody of the parties' two minor children with the defendant having supervised visitation. Section 2.1 of the judgment provides in part the following:
 Additional visitation, the custody issue, andCT Page 6678 supervised visitation are issues which can be re-evaluated by the Court once the Defendant has successfully completed a Court approved drug treatment program and can provide evidence, other than her verbal testimony, that she has been drug free for nine months. The evidence contemplated by this agreement includes but is not limited to evidence of satisfactory completion of a series of random periodic urine or blood tests.
On March 26, 1996, the matter was referred to family relations for a custody study and expanded supervised visitation was ordered. Further, the defendant was ordered to immediately enter a drug treatment and testing program. These orders were entered into by the agreement of the parties.
On May 13, 1998, the parties agreed that family relations would conduct a study with a report back date of September 9, 1998. On September 23, 1998, the parties stipulated to a comprehensive visitation schedule for the defendant with no mention that it had to be supervised. The defendant now resides in Pennsylvania and has remarried.
The instant motions were heard by the court on January 22, 2001 and March 30, 2001 when both parties appeared through counsel and offered testimony and introduced documentary evidence. The defendant now seeks custody of the two children and the plaintiff seeks to hold the defendant in contempt for violation of the visitation orders. The court file indicates numerous motions filed by the parties over the past few years involving the same or similar issues. The court, after reviewing the testimony of the parties and their witnesses and the exhibits makes the following findings of fact.
The defendant proffered the testimony of Stephen Lawrence, a licensed psychologist. Doctor Lawrence's testimony was based upon his consultations with the children and the defendant in late 1999 and early 2000. There were no tests administered to the children other than the children were asked to draw pictures of their family. The plaintiff was not interviewed. Essentially the children want to spend more time with their mother and have their father available to them more than he is because of his work schedule. Doctor Lawrence admitted that the children are thriving physically and educationally but questions their emotional well-being. The plaintiff proffered the testimony of Michael Pines, a licensed clinical psychologist. He performed tests as well as consultations with the plaintiff and the children. He basically agreed with Doctor Lawrence except that the children appeared to be well adjusted but had concerns about seeing their mother more often. CT Page 6679
The children live with their father here in Connecticut. The plaintiffs mother helps to care for the children and occasionally stays overnight with them. The plaintiff works full-time and has a second job on Saturdays. The defendant contributes very little in the way of support and has been at home for the past four years since moving to Pennsylvania. She wants to prove she can be a stay-at-home mom and available for the children at all times even though they are in school full-time. Remaining out of the work force for four years to prove her claim is unavailing.
The plaintiff is hard working and to the extent he can devote all of his time to raising the children. He is very involved in their school work and their extracurricular activities. The defendant made no effort to inquire about the childrens' schooling and other-activities. She had no knowledge of the teachers or of the childrens' pediatrician.
The defendant's motion for modification is denied. As to the plaintiffs motion for contempt, the court finds the alleged actions of the defendant to be de minimus and denies the motion. The parties are ordered to comply with their agreement of November 2000 concerning visitation and said agreement is hereby made orders of the court (Exhibit A).
BY THE COURT
 _____________________ JOHN R. CARUSO, JUDGE
 EXHIBIT A
[EDITORS' NOTE: VISITATION CHART IS ELECTRONICALLY NON-TRANSFERRABLE.]